**ORIGINAL**

1  MARC E. HANKIN (SBN: 170505)
   E-Mail: Marc@HankinPatentLaw.com
2  KEVIN SCHRAVEN (SBN: 259446)
   E-Mail: Kevin@HankinPatentLaw.com
3  **HANKIN PATENT LAW,**
   A Professional Corporation
4  12400 Wilshire Boulevard, Suite 1020
   Los Angeles, CA 90025
5  Telephone: (310) 979-3600
   Facsimile: (310) 979-3603
6
   Attorneys for Defendant,
7  **DATA DISTRIBUTING, LLC**

8              **UNITED STATES DISTRICT COURT**
9
              **CENTRAL DISTRICT OF CALIFORNIA**
10

11 DATCARD SYSTEMS, INC., a          ) Case No. 11-CV-01434-DOC (VBKx)
12 California corporation,            )
                                      ) **DEFENDANT-**
              Plaintiff-CounterDefendant, ) **COUNTERCLAIMANT DATA**
13                                    ) **DISTRIBUTING, LLC'S**
       vs.                            ) **VERIFIED SECOND AMENDED**
14 DATA DISTRIBUTING, LLC, a         ) **ANSWER AND AFFIRMATIVE**
                                      ) **DEFENSES TO PLAINTIFF-**
15 California Limited Liability Corporation ) **COUNTERDEFENDANT**
              Defendant-CounterClaimant. ) **DATCARD SYSTEMS, INC.'S**
16                                    ) **UNVERIFIED SECOND**
                                      ) **AMENDED COMPLAINT;**
17                                    )
18                                    ) **VERIFIED SECOND AMENDED**
                                      ) **COUNTERCLAIMS**
19                                    )
20 AND RELATED COUNTERCLAIMS.         ) **Unverified Second Amended**
                                      ) **Complaint Filed: June 15, 2012**
21

22       Defendant-Counterclaimant Data Distributing, LLC ("Defendant") hereby

23 responds to Plaintiff-CounterDefendant Datcard Systems, Inc.'s ("Plaintiff")

24 Unverified Second Amended Complaint as follows:

25                            **PARTIES**

26       1.    Defendant admits the allegations in Paragraph 1 of Plaintiff's

27 Unverified Second Amended Complaint. Defendant also notes that Plaintiff has

28

1  failed to comply with Local Rule 8-1 of the Central District of California.

2      2.     Defendant admits the allegations in Paragraph 2 of Plaintiff's Second

3  Amended Complaint.

4      3.     Defendant admits the allegations in Paragraph 3 of Plaintiff's Second

5  Amended Complaint.

6                    **JURISDICTION AND VENUE**

7      4.     Defendant admits that Plaintiff has filed this Action, alleging patent

8  infringement; Defendant denies that it has infringed any of Plaintiff's Patents.

9      5.     Defendant admits the allegations in Paragraph 5 of Plaintiff's Second

10  Amended Complaint.

11     6.     Defendant admits the allegation in Paragraph 6 that Defendant

12  "conducts business throughout the United States, including this Judicial District,"

13  and denies the remaining allegations in Paragraph 6 of Plaintiff's Unverified

14  Second Amended Complaint.

15     7.     Defendant admits the allegations in Paragraph 7 of Plaintiff's

16  Unverified Second Amended Complaint.

17                    **FIRST CLAIM FOR RELIEF**

18              **(Infringement of U.S. Patent No. 7,302,164)**

19     8.     Defendant incorporates by reference each and every response set forth

20  above in Paragraphs 1 through 7, inclusive, as though set forth fully herein.

21     9.     Defendant lacks the information to admit or deny, and on that basis,

22  denies the allegations contained in Paragraph 9 of Plaintiff's Unverified Second

23  Amended Complaint.

24     10.    Defendant denies the allegations in Paragraph 10 of Plaintiff's

25  Unverified Second Amended Complaint.   The allegations in Paragraph 10 are

26  meritless because, as Plaintiff was made aware of in an October 4, 2010 letter from

27  the third party manufacturer of the accused CD PowerPACS software, Defendant's

28

DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

1   CD/DVD Stations do not have "a search module configured to search the database
2   for *related* medical image data that is related to the selected medical image data."
3   This "related medical image data" element is a requirement of Claims 9 and 16,
4   which are the two claims of the '164 Patent that are allegedly infringed.

5       11.     Defendant denies the allegations in Paragraph 11 of Plaintiff's Second
6   Amended Complaint. The allegations in Paragraph 11 are meritless because, as
7   Plaintiff was made aware of in an October 4, 2010 letter from the third party
8   manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD
9   Stations do not have "a search module configured to search the database for related
10  medical image data that is related to the selected medical image data."  This
11  "related medical image data" element is a requirement of Claims 9 and 16, which
12  are the two claims of the '164 Patent that are allegedly infringed.

13      12.     Defendant denies the allegations in Paragraph 12 of Plaintiff's Second
14  Amended Complaint. The allegations in Paragraph 12 are meritless because, as
15  Plaintiff was made aware of in an October 4, 2010 letter from the third party
16  manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD
17  Stations do not have "a search module configured to search the database for related
18  medical image data that is related to the selected medical image data."  This
19  "related medical image data" element is a requirement of Claims 9 and 16, which
20  are the two claims of the '164 Patent that are allegedly infringed.

21      13.     Defendant denies the allegations in Paragraph 13 of Plaintiff's Second
22  Amended Complaint.

23      14.     Defendant denies the allegations in Paragraph 14 of Plaintiff's Second
24  Amended Complaint.

25      15.     Defendant denies the allegations in Paragraph 15 of Plaintiff's Second
26  Amended Complaint.

27

28

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,729,597)

16.     Defendant incorporates by reference each and every response set forth above in Paragraphs 1 through 15, inclusive, as though set forth fully herein.

17.     Defendant lacks the information to admit or deny, and on that basis, denies the allegations contained in Paragraph 17 of Plaintiff's Unverified Second Amended Complaint.

18.     Defendant denies the allegations in Paragraph 18 of Plaintiff's Second Amended Complaint. The allegations in Paragraph 18 are meritless because, as Plaintiff was made aware of in an October 4, 2010 letter from the third party manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD Stations do not automatically retrieve medical data related to a patient from two separate databases.  This retrieving of related medical image data element is a requirement of Claims 1 and 6, which are the two claims of the '597 Patent that are allegedly infringed.

19.     Defendant denies the allegations in Paragraph 19 of Plaintiff's Second Amended Complaint. The allegations in Paragraph 19 are meritless because, as Plaintiff was made aware of in an October 4, 2010 letter from the third party manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD Stations do not automatically retrieve medical data related to a patient from two separate databases.  This retrieving of related medical image data element is a requirement of Claims 1 and 6, which are the two claims of the '597 Patent that are allegedly infringed.

20.     Defendant denies the allegations in Paragraph 20 of Plaintiff's Second Amended Complaint. The allegations in Paragraph 20 are meritless because, as Plaintiff was made aware of in an October 4, 2010 letter from the third party manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD

DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

Stations do not automatically retrieve medical data related to a patient from two separate databases.  This retrieving of related medical image data element is a requirement of Claims 1 and 6, which are the two claims of the '597 Patent that are allegedly infringed.

21.    Defendant denies the allegations in Paragraph 21 of Plaintiff's Second Amended Complaint.

22.    Defendant denies the allegations in Paragraph 22 of Plaintiff's Amended Complaint.

## THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,734,157)

23.    Defendant incorporates by reference each and every response set forth above in Paragraphs 1 through 22, inclusive, as though set forth fully herein.

24.    Defendant lacks the information to admit or deny, and on that basis, denies the allegations contained in Paragraph 24 of Plaintiff's Unverified Second Amended Complaint.

25.    Defendant denies the allegations in Paragraph 25 of Plaintiff's Second Amended Complaint.  The allegations in Paragraph 25 are meritless because, as Plaintiff was made aware of in an October 4, 2010 letter from the third party manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD Stations do not include "audit data" that is stored in an "audit database" for purposes of making an audit trail.  This "audit data" element is a requirement of Claims 1 and 7, which are the two claims of the '157 Patent that are allegedly infringed.

26.    Defendant denies the allegations in Paragraph 26 of Plaintiff's Second Amended Complaint. The allegations in Paragraph 26 are meritless because, as Plaintiff was made aware of in an October 4, 2010 letter from the third party manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD

Stations do not include "audit data" that is stored in an "audit database" for purposes of making an audit trail. This "audit data" element is a requirement of Claims 1 and 7, which are the two claims of the '157 Patent that are allegedly infringed.

27.     Defendant denies the allegations in Paragraph 27 of Plaintiff's Second Amended Complaint. The allegations in Paragraph 27 are meritless because, as Plaintiff was made aware of in an October 4, 2010 letter from the third party manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD Stations do not include "audit data" that is stored in an "audit database" for purposes of making an audit trail. This "audit data" element is a requirement of Claims 1 and 7, which are the two claims of the '157 Patent that are allegedly infringed.

28.     Defendant denies the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint.

29.     Defendant denies the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint.

## FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,783,174)

30.     Defendant incorporates by reference each and every response set forth above in Paragraphs 1 through 29, inclusive, as though set forth fully herein.

31.     Defendant lacks the information to admit or deny, and on that basis, denies the allegations contained in Paragraph 31 of Plaintiff's Unverified Second Amended Complaint.

32.     Defendant denies the allegations in Paragraph 32 of Plaintiff's Second Amended Complaint. The allegations in Paragraph 32 are meritless because, as Plaintiff was made aware of in an October 4, 2010 letter from the third party manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD

Stations do not have "a search module configured to automatically search the database for related data based on the user selection." This "related data" element is a requirement of Claims 1 and 8, which are the two claims of the '174 Patent that are allegedly infringed.

33.   Defendant denies the allegations in Paragraph 33 of Plaintiff's Second Amended Complaint. The allegations in Paragraph 33 are meritless because, as Plaintiff was made aware of in an October 4, 2010 letter from the third party manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD Stations do not have "a search module configured to automatically search the database for related data based on the user selection." This "related data" element is a requirement of Claims 1 and 8, which are the two claims of the '174 Patent that are allegedly infringed.

34.   Defendant denies the allegations in Paragraph 34 of Plaintiff's Second Amended Complaint. The allegations in Paragraph 34 are meritless because, as Plaintiff was made aware of in an October 4, 2010 letter from the third party manufacturer of the accused CD PowerPACS software, Defendant's CD/DVD Stations do not have "a search module configured to automatically search the database for related data based on the user selection." This "related data" element is a requirement of Claims 1 and 8, which are the two claims of the '174 Patent that are allegedly infringed.

35.   Defendant denies the allegations in Paragraph 35 of Plaintiff's Second Amended Complaint.

36.   Defendant denies the allegations in Paragraph 36 of Plaintiff's Second Amended Complaint.

## FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,801,422)

37.   Defendant incorporates by reference each and every response set forth

DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

1    above in Paragraphs 1 through 36, inclusive, as though set forth fully herein.

2       38.    Defendant lacks the information to admit or deny, and on that basis,

3 denies the allegations contained in Paragraph 38 of Plaintiff's Unverified Second

4 Amended Complaint.

5       39.    Defendant denies the allegations in Paragraph 39 of Plaintiff's Second

6 Amended Complaint. The allegations in Paragraph 39 are meritless because,

7 Defendant's CD/DVD Stations does not include the timeout features disclosed in

8 '422 Patent. Claim 1 comprises two limitations:

9       - *"detecting whether a server has changed within a time period after*

10       *receiving medical image data or related data from a modality and resetting*

11       *the timeout period when the change is detected."*

12       - *"automatically producing an optical storage medium comprising selected*

13       *medical image data and related data from the server based on when the*

14       *timeout period has expired [...]"*.

15       Defendant's Products do not satisfy the above definition of a "time out

16 period" because the timer on Defendant's Products just run until it expires.

17 Moreover, Defendant's timer doesn't reset "when the change is detected". Because

18 the detection in Defendant's timer occurs after the timer expires and the maximum-

19 time number is preset and cannot be reset, Defendant does not infringe Claim 1 of

20 the '422 Patent.

21       Claim 8 of the alleged infringed Patent '422 comprises five limitations:

22       - *"a database configured to receive one or more medical images from at least*

23 *one modality"*;

24       - *"an application server coupled to the database and configured to create a*

25 *timestamp when the application server detects a change in the database, thereby*

26 *initiating a timer"*,

27       - *"wherein the timer resets when the application server detects an additional*

28

1  *change in the database before a timeout interval, measured from the timestamp,*
2  *elapses;"*

3  - *"wherein the timer times out when the application server detects an*
4  *additional change in the database after the timeout interval, measured from the*
5  *timestamp, elapses;"*

6  - *"a production station coupled to the application server and configured to*
7  *automatically produce an optical storage medium comprising one or more selected*
8  *medical images from the database based on when the timer times out, wherein the*
9  *medical image data is formatted in a standard medical imaging format used by a*
10  *computer configured for viewing the medical image data."*

11  Because the second claim limitation requires that the application server create
12  a timestamp and initiate the timer when the application server detects a change in
13  the database and because the timer in Defendant's product turns on regardless of
14  whether the application server detects a change in the database, Defendant's
15  Product does not infringe Patent '422. Moreover, regarding the third and fourth
16  limitations of Claim 8, Defendant's Product does not detect any additional change
17  in the database before the timeout interval and does not timeout based on any
18  detection. For the foregoing reasons, and as the above differences between the
19  Claim limitations and Defendant's Product are not insubstantial, Defendant does not
20  infringe Claims 1 and 8 of the '422 Patent.

21  40.    Defendant denies the allegations in Paragraph 40 of Plaintiff's Second
22  Amended Complaint. The allegations in Paragraph 40 are meritless because,
23  Defendant's CD/DVD Stations does not include the timeout features disclosed in
24  '422 Patent. Claim 1 comprises two limitations:

25  - *"detecting whether a server has changed within a time period after*
26  *receiving medical image data or related data from a modality and resetting*
27  *the timeout period when the change is detected."*

28

1    - *"automatically producing an optical storage medium comprising selected*

2    *medical image data and related data from the server based on when the*

3    *timeout period has expired [...]"*.

4    Defendant's products do not satisfy the above definition of a "time out

5    period" because the timer on Defendant's Products just run until it expires.

6    Moreover, Defendant's timer doesn't reset "when the change is detected". Because

7    the detection in Defendant's timer occurs after the timer expires and the maximum-

8    time number is preset and cannot be reset, Defendant does not infringe Claim 1 of

9    the '422 Patent.

10    Claim 8 of the alleged infringed Patent '422 comprises five limitations:

11    - *"a database configured to receive one or more medical images from at least*

12    *one modality"*;

13    - *"an application server coupled to the database and configured to create a*

14    *timestamp when the application server detects a change in the database, thereby*

15    *initiating a timer"*,

16    - *"wherein the timer resets when the application server detects an additional*

17    *change in the database before a timeout interval, measured from the timestamp,*

18    *elapses;"*

19    - *"wherein the timer times out when the application server detects an*

20    *additional change in the database after the timeout interval, measured from the*

21    *timestamp, elapses;"*

22    - *"a production station coupled to the application server and configured to*

23    *automatically produce an optical storage medium comprising one or more selected*

24    *medical images from the database based on when the timer times out, wherein the*

25    *medical image data is formatted in a standard medical imaging format used by a*

26    *computer configured for viewing the medical image data."*

27    Because the second claim limitation requires that the application server create

28

DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

a timestamp and initiate the timer when the application server detects a change in the database and because the timer in Defendant's product turns on regardless of whether the application server detects a change in the database, Defendant's Product does not infringe Patent '422. Moreover, regarding the third and fourth limitations of Claim 8, Defendant's Product does not detect any additional change in the database before the timeout interval and does not timeout based on any detection. For the foregoing reasons, and as the above differences between the Claim limitations and Defendant's Product are not insubstantial, Defendant does not infringe Claims 1 and 8 of the '422 Patent.

41.     Defendant denies the allegations in Paragraph 41 of Plaintiff's Second Amended Complaint. The allegations in Paragraph 41 are meritless because, Defendant's CD/DVD Stations does not include the timeout features disclosed in '422 Patent. Claim 1 comprises two limitations:

- *"detecting whether a server has changed within a time period after receiving medical image data or related data from a modality and resetting the timeout period when the change is detected."*

- *"automatically producing an optical storage medium comprising selected medical image data and related data from the server based on when the timeout period has expired [...]"*.

Defendant's products do not satisfy the above definition of a "time out period" because the timer on Defendant's Products just run until it expires. Moreover, Defendant's timer doesn't reset "when the change is detected". Because the detection in Defendant's timer occurs after the timer expires and the maximum-time number is preset and cannot be reset, Defendant does not infringe Claim 1 of the '422 Patent.

Claim 8 of the alleged infringed Patent '422 comprises five limitations:

- *"a database configured to receive one or more medical images from at least*

1    *one modality"*;

2         - *"an application server coupled to the database and configured to create a*

3    *timestamp when the application server detects a change in the database, thereby*

4    *initiating a timer"*,

5         - *"wherein the timer resets when the application server detects an additional*

6    *change in the database before a timeout interval, measured from the timestamp,*

7    *elapses;"*

8         - *"wherein the timer times out when the application server detects an*

9    *additional change in the database after the timeout interval, measured from the*

10   *timestamp, elapses;"*

11        - *"a production station coupled to the application server and configured to*

12   *automatically produce an optical storage medium comprising one or more selected*

13   *medical images from the database based on when the timer times out, wherein the*

14   *medical image data is formatted in a standard medical imaging format used by a*

15   *computer configured for viewing the medical image data."*

16        Because the second claim limitation requires that the application server create

17   a timestamp and initiate the timer when the application server detects a change in

18   the database and because the timer in Defendant's product turns on regardless of

19   whether the application server detects a change in the database, Defendant's

20   Product does not infringe Patent '422. Moreover, regarding the third and fourth

21   limitations of Claim 8, Defendant's Product does not detect any additional change

22   in the database before the timeout interval and does not timeout based on any

23   detection. For the foregoing reasons, and as the above differences between the

24   Claim limitations and Defendant's Product are not insubstantial, Defendant does not

25   infringe Claims 1 and 8 of the '422 Patent.

26        42.    Defendant denies the allegations in Paragraph 42 of Plaintiff's Second

27   Amended Complaint.

28

43.     Defendant denies the allegations in Paragraph 43 of Plaintiff's Second Amended Complaint.

## AFFIRMATIVE DEFENSES TO THE UNVERIFIED SECOND AMENDED COMPLAINT AND TO EACH ALLEGED CLAIM FOR RELIEF STATED THEREIN

As separate Affirmative Defenses to the Unverified Second Amended Complaint of Plaintiff Datcard Systems, Inc. ("Plaintiff"), and to each purported Claim for Relief stated therein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

1.     Plaintiff's entire Unverified Second Amended Complaint, and each purported Claim for Relief therein, fails to state sufficient facts to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement of U.S. Patent No. 7,302,164)

2.     Defendant did not engage in, and Plaintiff cannot prove, the alleged infringement of U.S. Patent No. 7,302,164.

### THIRD AFFIRMATIVE DEFENSE

### (No Contributing to the Infringement of U.S. Patent No. 7,302,164)

3.     Defendant did not engage in, and Plaintiff cannot prove, the alleged contributing to the infringement of U.S. Patent No. 7,302,164.

### FOURTH AFFIRMATIVE DEFENSE

### (No Inducing Infringement of U.S. Patent No. 7,302,164)

4.     Defendant did not engage in, and Plaintiff cannot prove the alleged inducing infringement of U.S. Patent No. 7,302,164.

## FIFTH AFFIRMATIVE DEFENSE

### (No Willful Infringement of U.S. Patent No. 7,302,164)

5.     Defendant did not engage in, and Plaintiff cannot prove the alleged willful infringement of the U.S. Patent No. 7,302,164.

## SIXTH AFFIRMATIVE DEFENSE

### (Invalidity of U.S. Patent No. 7,302,164)

6.     U.S. Patent No. 7,302,164 is invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, 111, 112, 115, and/or 116.

## SEVENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of U.S. Patent No. 7,729,597)

7.     Defendant did not engage in, and Plaintiff cannot prove, the alleged infringement of U.S. Patent No. 7,729,597.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Inducing Infringement of U.S. Patent No. 7,729,597)

8.     Defendant did not engage in, and Plaintiff cannot prove the alleged inducing infringement of U.S. Patent No. 7,729,597.

## NINTH AFFIRMATIVE DEFENSE

### (No Contributing to the Infringement of U.S. Patent No. 7,729,597)

9.     Defendant did not engage in, and Plaintiff cannot prove, the alleged contributing to the infringement of U.S. Patent No. 7,729,597.

## TENTH AFFIRMATIVE DEFENSE

### (No Willful Infringement of U.S. Patent No. 7,729,597)

10.     Defendant did not engage in, and Plaintiff cannot prove the alleged willful infringement of the U.S. Patent No. 7,729,597.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of U.S. Patent No. 7,729,597)

11.     U.S. Patent No. 7,729,597 is invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, 111, 112, 115, and/or 116.

### TWELFTH AFFIRMATIVE DEFENSE
### (Non-Infringement of U.S. Patent No. 7,734,157)

12.     Defendant did not engage in, and Plaintiff cannot prove, the alleged infringement of U.S. Patent No. 7,734,157.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Contributing to the Infringement of U.S. Patent No. 7,734,157)

13.     Defendant did not engage in, and Plaintiff cannot prove, the alleged contributing to the infringement of U.S. Patent No. 7,734,157.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No Inducing Infringement of U.S. Patent No. 7,734,157)

14.     Defendant did not engage in, and Plaintiff cannot prove the alleged inducing infringement of U.S. Patent No. 7,302,164.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement of U.S. Patent No. 7,734,157)

15.     Defendant did not engage in, and Plaintiff cannot prove the alleged willful infringement of the U.S. Patent No. 7,734,157.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 7,734,157)

16.     U.S. Patent No. 7,734,157 is invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, 111, 112, 115, and/or 116.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Non-Infringement of U.S. Patent No. 7,783,174)

17.     Defendant did not engage in, and Plaintiff cannot prove, the alleged

1    infringement of U.S. Patent No. 7,783,174.

2                    **EIGHTEENTH AFFIRMATIVE DEFENSE**

3              **(No Inducing Infringement of U.S. Patent No. 7,783,174)**

4         18.    Defendant did not engage in, and Plaintiff cannot prove the alleged

5    inducing infringement of U.S. Patent No. 7,783,174.

6                    **NINETEENTH AFFIRMATIVE DEFENSE**

7        **(No Contributing to the Infringement of U.S. Patent No. 7,783,174)**

8         19.    Defendant did not engage in, and Plaintiff cannot prove, the alleged

9    contributing to the infringement of U.S. Patent No. 7,783,174.

10                    **TWENTIETH AFFIRMATIVE DEFENSE**

11              **(No Willful Infringement of U.S. Patent No. 7,783,174)**

12         20.    Defendant did not engage in, and Plaintiff cannot prove the alleged

13    willful infringement of the U.S. Patent No. 7,783,174.

14                 **TWENTY-FIRST AFFIRMATIVE DEFENSE**

15                    **(Invalidity of U.S. Patent No. 7,783,174)**

16         21.    U.S. Patent No. 7,783,174 is invalid for failure to meet one or more of

17    the requirements of Title 35 of the United States Code, including, without

18    limitation, §§ 101, 102, 103, 111, 112, 115, and/or 116.

19                 **TWENTY-SECOND AFFIRMATIVE DEFENSE**

20              **(Non-Infringement of U.S. Patent No. 7,801,422)**

21         22.    Defendant did not engage in, and Plaintiff cannot prove, the alleged

22    infringement of U.S. Patent No. 7,801,422.

23                 **TWENTY-THIRD AFFIRMATIVE DEFENSE**

24              **(No Inducing Infringement of U.S. Patent No. 7,801,422)**

25         23.    Defendant did not engage in, and Plaintiff cannot prove the alleged

26    inducing infringement of U.S. Patent No. 7,801,422.

27

28

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Contributing to the Infringement of U.S. Patent No. 7,801,422)

24.     Defendant did not engage in, and Plaintiff cannot prove, the alleged contributing to the infringement of U.S. Patent No. 7,801,422.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Willful Infringement of U.S. Patent No. 7,801,422)

25.     Defendant did not engage in, and Plaintiff cannot prove the alleged willful infringement of the U.S. Patent No. 7,801,422.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Invalidity of U.S. Patent No. 7,801,422

26.     U.S. Patent No. 7,801,422is invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, 111, 112, 115, and/or 116.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Meet the Current Pleading Requirement)

27.     Plaintiff's entire Unverified Second Amended Complaint, and each purported Claim for Relief therein, fails to meet the Current pleading requirements of Federal Rule of Civil Procedure 8(a)(2), which states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which the Supreme Court interprets to require a showing of facial plausibility. Federal Rule of Civil Procedure 8(a)(2); *see Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

28.     Plaintiffs, with the exercise of reasonable diligence and effort, would have and could have mitigated the damages alleged in the Unverified Second Amended Complaint, if any there were, and that the resultant damages, if any,

1    complained of in the Unverified Second Amended Complaint were directly and

2    proximately caused by the failure, neglect and refusal of the Plaintiff to exercise

3    reasonable diligence and effort to mitigate the damages alleged.

4                    **TWENTY-NINTH AFFIRMATIVE DEFENSE**

5                       **(Uncertainty; Speculative Damages)**

6        29.    The Second Amended Complaint and each purported Claim for Relief

7    asserted therein are uncertain, and therefore, any possible recovery would be

8    speculative at best.

9                    **THIRTIETH AFFIRMATIVE DEFENSE**

10                 **(Failure to State Facts Sufficient for Damages)**

11       30.    Plaintiff's Unverified Second Amended Complaint fails to state facts

12   sufficient to support an award of damages, or for attorneys' fees, expert witness

13   fees, or any other litigation fees, costs, and expenses as against Defendant.

14                  **THIRTY-FIRST AFFIRMATIVE DEFENSE**

15                     **(Failure to State a Claim for Damages)**

16       31.    Plaintiff's entire Unverified Second Amended Complaint, and each

17   purported Claim for Relief therein, fails to support an award of damages, or for

18   attorney's fees, or any other litigation fees, costs, and expenses as against

19   Defendant.

20                 **THIRTY-SECOND AFFIRMATIVE DEFENSE**

21                      **(Damages Cannot Be Determined)**

22       32.    The damages, if any, of Plaintiffs, are speculative, uncertain, and not

23   capable of being determined by a finder of fact.

24                  **THIRTY-THIRD AFFIRMATIVE DEFENSE**

25                           **(No Legal Causation)**

26       33.    At all times mentioned in Plaintiff's Unverified Second Amended

27   Complaint, Defendant's acts and omissions, if any, were not a legal cause of

28

1   damages, if any, to Plaintiffs.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

34.     Defendant alleges that, by virtue of unlawful, immoral, careless, negligent, and other wrongful conduct of Plaintiff and/or others, Plaintiff should be barred from recovering by the equitable doctrine of unclean hands.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

35.     Because of Plaintiff's knowledge, statements, actions, omissions, and other conduct, as well as that of its agents, Plaintiff are not entitled to relief because Plaintiff has waived any and all rights, and is now barred from receiving any recovery from Defendant for the acts and omissions alleged in Plaintiff's Second Amended Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

36.     Plaintiff is not entitled to equitable relief because, if it were able to prove liability against Defendant, the Plaintiff would have an adequate remedy at law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

37.     Plaintiff is, by its own conduct and omissions, barred from asserting any claims or damages or from seeking other relief by the Doctrine of Equitable Estoppel.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

38.     Defendant may have additional defenses that cannot be articulated at this early date due to Plaintiff's failure to particularize its claims and due to

Plaintiff's failure to provide more specific information concerning the nature of its alleged claims for damages and certain costs for which Plaintiff alleges that Defendant may bear some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents produced, upon discovery of further information concerning the claims for alleged damages and costs, and upon development of other pertinent information during the course of this litigation.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

A. That Plaintiff takes nothing by way of its Unverified Second Amended Complaint and that the Unverified Second Amended Complaint be Dismissed With Prejudice;

B. That Judgment be entered against Plaintiff and in favor of Defendant;

C. An Order adjudging the invalidity of U.S. Patent No. 7,302,164, U.S. Patent No. 7,729,597, U.S. Patent No. 7,734,157, U.S. Patent No. 7,783,174 and U.S. Patent No.7,801,422.

D. An Order adjudging non-infringement by Defendant of U.S. Patent No. 7,302,164; U.S. Patent No. 7,729,597; U.S. Patent No. 7,734,157; U.S. Patent No. 7,783,174 and U.S. Patent No.7,801,422.

E. An Order Denying injunctive relief to Plaintiff;

F. That Defendant be awarded its reasonable attorney fees, expert witness fees, costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: July 13, 2012

Marc E. Hankin

Marc E. Hankin, Esq.

Attorneys for Defendant-CounterClaimant,
**DATA DISTRIBUTING, LLC.**

Page 20

DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

1

## JURY TRIAL DEMANDED

2      Defendant Data Distributing hereby demands a jury trial as provided by Rule

3   38(a) of the Federal Rules of Civil Procedure on all issues so triable.

4

5                                              Respectfully submitted,

                                               **HANKIN PATENT LAW, APC**
6

7   Dated:  July 13, 2012                      By: _____

8                                              Marc E. Hankin, Esq.

9                                              Attorneys for Defendant,
                                               **DATA DISTRIBUTING, LLC**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS**

## DEFENDANT'S *VERIFIED* SECOND AMENDED COUNTERCLAIMS

Defendant-CounterClaimant Data Distributing, LLC (hereinafter referred to as "Data Distributing" or "Defendant") hereby brings the following *Verified* Second Amended Counterclaims against Plaintiff-CounterDefendant DatCard Systems, Inc. (hereinafter referred to as "Plaintiff" or "DatCard") as follows:

## JURISDICTION AND VENUE

1.     The jurisdiction of this Court is based on 28 U.S.C. § 2201 (Federal Declaratory Judgment Act); and 28 U.S.C. §§ 1331 and 1338, as the declaratory relief requested herein relates to the federal questions involving Patent Law.

2.     Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the events described herein occurred in this judicial district, and Plaintiff-CounterDefendant is subject to personal jurisdiction in this judicial district.

## PARTIES

3.     Defendant is a limited liability corporation organized and existing under the laws of the State of California, with a principal place of business at 23441 South Pointe Drive, Suite 90, Laguna Hills, California 92653.

4.     Defendant is informed and believes, and on this belief thereon alleges that Plaintiff is a California corporation with a principal place of business at 7 Goodyear, Irvine, California 92618.

## FACTUAL BACKGROUND

5.     This Counterclaim seeks a Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, by which CounterClaimant Data Distributing, LLC seeks a declaration of rights in the form of a judgment against CounterDefendant.

6.     An actual case and controversy exists between the Parties, in view of Plaintiff's allegations that it owns U.S. Patent Nos. 7,302,164 ("the '164 Patent"); 7,729,597 ("the '597 Patent"); 7,734,157 ("the '157 Patent"); 7,783,174 ("the '174 Patent"); and 7,801,422 ("the '422 Patent") and that these five Patents have been

infringed by Data Distributing and that its rights otherwise have been violated by Data Distributing.  Data Distributing wishes to avoid incurring liability for damages and uncertain obligations, and accordingly brings this Counterclaim for Declaratory Judgment.

7.     The actual case and controversy between Data Distributing and Plaintiff is ripe for adjudication at this time because Plaintiff has sought monetary damages and injunctive relief against Data Distributing as set forth in the Unverified Second Amended Complaint in this litigation.

8.     On or about 1984, Data Distributing was formed as a reseller for high quality Products that would allow people to easily copy, transport, and view patient records and reports. As an example, radiology departments and imaging centers may incorporate patient information, reports, and diagnostic-quality images, onto a CD or DVD, which may be viewed on any standard Windows PC.

9.     On or about July 2000, DatCard signed Data Distributing as a reseller of their PacsCube product.  PacsCube is a CD/DVD Station that would allow medical companies and imaging centers to copy, transport, and view patient medical records and reports onto a portable disc medium. However, DatCard's and Data Distributing's business relationship terminated on December 2001 due to DatCard's unmet sales expectations and that DatCard stated that DatCard will directly engage with Data Distributing's customers directly.

10.    On or about 2002, Data Distributing signed an agreement with RADinfo Systems, a third party manufacturer of the CD PowerPACS software, to resell RADinfo Systems' software.  The software allows users to copy, transport, and view patient medical records and reports onto a portable disc medium.  The CD PowerPACS software does not, in any way, automatically search for other related medical data from other servers or databases and record audit data for purposes of making an audit trail.

DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

11.     Upon   information   and   belief,   DatCard   was   aware   that   Data Distributing resold RADinfo Systems' CD PowerPACS software between 2002 and 2008.  During this time period, DatCard never contacted Data Distributing via email or letter, claiming that RADinfo Systems' software infringes DatCard's pending patent application and that Data Distributing should cease or desist marketing or selling RADinfo Systems' CD PowerPACS software.  At no time did DatCard file suit against the manufacturers of the Product that Data Distributing resells, including RADinfo Systems.

12.     On August 24, 2010, Plaintiff files its *Unverified* Complaint against Data Distributing.   However, the lawsuit was dismissed because, rather than discussing damages and the merits of the infringement, as Data Distributing was asked to do, DatCard began engaging in acquisition negotiations to purchase Data Distributing. Specifically, DatCard informed Data Distributing, during its very first meeting with lawyers, after filing the *Unverified* Complaint against Data Distributing, that DatCard would prefer a business solution, such that DatCard would purchase and acquire Data Distributing, and that Data Distributing would continue reselling the allegedly infringing products, even after the acquisition of Data Distributing to DatCard.

13.     On October 4, 2010, RADinfo Systems sent a letter to DatCard, notifying DatCard that PowerPACS software did not infringe any of DatCard's Patents-in-Suit. Specifically, RADinfo Systems informed DatCard that the products Data Distributing resold: (1) do not have "a search module configured to search the database for related medical image data that is related to the selected medical image data."; (2) do not automatically retrieve medical data related to a patient from two separate databases; (3) do not include "audit data" that is stored in an "audit database" for purposes of making an audit trail; and (4) do not have "a search module configured to automatically search the database for related data based on

DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

the user selection." Upon information and belief, DatCard learned that Data Distributing did not infringe any of DatCard's U.S. Patents.

14. On or about July 2011, DatCard ended the acquisition negotiations by offering to purchase Data Distributing for approximately half of the previously agreed upon offer by DatCard. DatCard then sent a final offer on August 2011, indicating that if this unreasonable offer was not accepted, DatCard would file the present lawsuit against Data Distributing. Data Distributing rejected DatCard's final offer and DatCard, in bad faith, filed the present lawsuit.

15. On June 15, 2012, DatCard filed a Unverified Second Amended Complaint for Patent Infringement alleging Data Distributing is infringing five of its patents.

16. The '164 Patent was issued on November 27, 2007. The '164 Patent was subject to an Ex Parte Reexamination and on November 26, 2011, a Reexamination Certificate was issued that amended the vast majority of the Claims of the '164 Patent. The '164 Patent is narrowly directed to a medical image server that requires "a search module configured to search the database for *related* medical image data that is related to the selected medical image data." Additionally, Independent Claim 1 also requires "audit" data for recording relevant information about the disc, which includes an "identification number of the CD", as stated in column 6, lines 61-62 of the Specification of the '164 Patent.

17. Plaintiff-CounterDefendant's Unverified Second Amended Complaint alleges that the Products that Data Distributing resells directly infringe at least Claims 9 and 16 of the '164 Patent. Both of these Claims require a "related medical image data" element.

18. Under the well known "all-elements-rule" of U.S. Patent Law, in order to infringe a Patent, the infringing product must practice each and every single element in the Claim. As such, if the Products that Data Distributing resells fail to

practice one or more elements of Claims 9 and 16, then the '164 Patent is not infringed.

19.    The Products that Data Distributing resells, at least, in no way, shape or form, use "related medical image data" because the Products that Data Distributing resells only copy medical images selected by the user for copying and does not either automatically copy related images or identify related images to the user for possible copying. Additionally, the Products that Data Distributing resells do not perform "searches" for "unrelated" data in a "single" database. Any "related" data of medical images are on different servers and are managed by different applications. Thus, the Products that Data Distributing resells do not infringe the '164 Patent.

20.    What makes the allegation of infringement regarding the '164 utterly frivolous and borderline malicious is that Plaintiff-CounterDefendant was made aware, in the October 4, 2010 letter sent from RADinfo Systems, that the Products that Data Distributing resells do not have "a search module configured to search the database for related medical image data that is related to the selected medical image data."

21.    On June 1, 2010, the '597 Patent issued. The '597 Patent is directed to a medical image server and method for generating medical data related to a patient, which requires a mechanism for automatically retrieving medical data "related" to a patient from two separate databases.

22.    Plaintiff's Unverified Second Amended Complaint alleges that the Products that Data Distributing resells do infringe Claims 1 and 6 of the '597 Patent. Both of these Claims require retrieving additional "related" medical data from two separate databases.

23.    The Products that Data Distributing resells do not, at least, in no way, shape or form, retrieve additional "related" medical data related to a patient from

1    two separate databases.  Thus, the Products that Data Distributing resells do not

2    infringe the '597 Patent-in-Suit.

3        24.    What makes the allegation of infringement regarding the '597 utterly

4    frivolous and borderline malicious is that Plaintiff-CounterDefendant was made

5    aware, in the October 4, 2010 letter sent from RADinfo Systems, that the Products

6    that Data Distributing resells do not automatically retrieve medical data related to a

7    patient from two separate databases.

8        25.    On June 8, 2010, the '157 Patent issued.  The '157 Patent is directed to

9    a system and method for generating a portable computer-readable medium

10   containing medical data for a patient, which requires "audit data" that is stored in an

11   "audit database" for purposes of making an audit trail.  "Audit data" includes an

12   "identification number of the CD", as stated in column 6, lines 53-59 of the

13   Specification of the '157 Patent, and "an identification specific to the computer-

14   readable medium," as required by Independent Claims 1 and 7 of the  '157 Patent.

15       26.    Plaintiff's Unverified Second Amended Complaint alleges that the

16   Products that Data Distributing resells do infringe Claims 1 and 7 of the '157

17   Patent.  Both of these Claims require "audit data," which includes an "identification

18   number of the CD" and "an identification specific to the computer-readable

19   medium".

20       27.    The Products that Data Distributing resells, at least, in no way, shape

21   or form, do not include "audit data" that is stored in an "audit database" for

22   purposes of making an audit trail because the Products that Data Distributing resells

23   do not make a record of the "identification number of the CD" or otherwise make a

24   record of "an identification "an identification specific to the computer-readable

25   medium." Thus, the Products that Data Distributing resells do not infringe the '157

26   Patent-in-Suit.

27       28.    What makes the allegation of infringement regarding the '157 utterly

28

**DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS**

1  frivolous and borderline malicious is that Plaintiff was made aware, in the October

2  4, 2010 letter sent from RADinfo Systems, that the Products that Data Distributing

3  resells do not include "audit data" that is stored in an "audit database" for purposes

4  of making an audit trail.

5      29.    On August 24, 2010, the '174 Patent issued.   The '174 Patent is

6  directed to a system and method for recording medical image data onto a storage

7  medium, which requires "a search module configured to automatically search the

8  database for related data based on the user selection."

9      30.    Plaintiff's Unverified Second Amended Complaint alleges that the

10  Products that Data Distributing resells do infringe Claims 1 and 8 of the '157

11  Patent, which requires "a search module configured to automatically search the

12  database for related data based on the user selection."

13      31.    The Products that Data Distributing resells do not, at least, in no way,

14  shape or form, include "a search module configured to automatically search the

15  database for related data based on the user selection."   The Products that Data

16  Distributing resells only record medical images selected by the user for copying and

17  does not either automatically copy related images or identify related images to the

18  user for possible copying. Thus, the Products that Data Distributing resells do not

19  infringe the '174 Patent-in-Suit.

20      32.    What makes the allegation of infringement regarding the '174 utterly

21  frivolous and borderline malicious is that Plaintiff-CounterDefendant was made

22  aware, in the October 4, 2010 letter sent from RADinfo Systems, that the Products

23  that Data Distributing resells do not have "a search module configured to

24  automatically search the database for related data based on the user selection."

25      33.    On September 21, 2010, the '422 Patent issued.   The '422 Patent is

26  directed to a method and system for automatically producing medical image data on

27  an optical storage medium upon "expiration of a timeout period".

28

DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

34.    Plaintiff's Unverified Second Amended Complaint alleges that the Products that Data Distributing resells do infringe Claims 1 and 8 of the '422 Patent, which requires a "timer" with special features.

35.    The Products Defendant resells do not include such a "timer."  They feature a timer unable to timeout and unable to detect any change in the database, what Plaintiff's Product can perform. Thus, the Products that Data Distributing resells do not infringe the '422 Patent-in-Suit.

## FIRST COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,302,164)

36.    Data Distributing incorporates herein by reference each and every allegation set forth above in Paragraphs 1-35, inclusive, as though set forth fully herein.

37.    An actual, present, and justiciable controversy now exists between the Defendant and Plaintiff, as to their respective rights and responsibilities with regard to U.S. Patent No. 7,302,164.

38.    Plaintiff has alleged that Defendant has committed acts that infringe U.S. Patent No. 7,302,164, and Data Distributing denies that any of its products or services infringes any claim of the '164 Patent-in-Suit.

39.    Defendant's use of its Products does not infringe the '164 Patent-in-Suit for two reasons.  First, the Products that Data Distributing resells, at a minimum, do not use "related" data.  The Products that Data Distributing resells only copy medical images selected by the user for copying and does not either automatically copy related images or identify related images to the user for possible copying.  Second, the Products that Data Distributing resells do not have "a search module configured to search the database for related medical image data that is related to the selected medical image data."

40.    To resolve the legal and factual questions raised by Plaintiff-

CounterDefendant and to afford relief from the uncertainty that has precipitated, Data Distributing is entitled to an order stating its rights under 28 U.S.C. §§ 2201-02, that its services, business practices, and products do not infringe any Patent allegedly owned by Plaintiff, and/or that the Patent is invalid and/or unenforceable, under 35 U.S.C. § 271, *et seq.*

## SECOND COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,302,164)

41.    Data Distributing incorporates herein by reference each and every allegation set forth above in Paragraphs 1-40, inclusive, as though set forth fully herein.

42.    An actual, present, and justiciable controversy now exists between Defendant and Plaintiff, as to their respective rights and responsibilities with regard to U.S. Patent No. 7,302,164.

43.    Defendant alleges that U.S. Patent No. 7,302,164 is invalid and/or unenforceable.

44.    U.S. Patent No. 7,302,164 is invalid and unenforceable for failure to meet one or more of the requirements of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, 111, 112, 115, and/or 116.

45.    To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty which has precipitated, Defendant are entitled to an Order stating their rights pursuant to 28 U.S.C. §§ 2201-02, that their services, business practices, and products do not infringe any patent owned by Plaintiff, and/or that the Patent-in-Suit is invalid and unenforceable, pursuant to 35 U.S.C. 271, *et seq.*

## THIRD COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,729,597)

46.    Data Distributing incorporates herein by reference each and every

allegation set forth above in Paragraphs 1-45, inclusive, as though set forth fully herein.

47.     An actual, present, and justiciable controversy now exists between the Defendant and Plaintiff, as to their respective rights and responsibilities with regard to U.S. Patent No. 7,729,597.

48.     Plaintiff has alleged that Defendant has committed acts that infringe U.S. Patent No. 7,729,597, and Data Distributing denies that any of its products or services infringes any claim of the '597 Patent-in-Suit.

49.     Defendant's use of its Products does not infringe the '597 Patent-in-Suit because, at least, the Products that Data Distributing resells do do not automatically retrieve medical data related to a patient from two separate databases. The Products that Data Distributing resells only copy medical images selected by the user for copying and does not either automatically copy related images or identify related images to the user for possible copying.

50.     To resolve the legal and factual questions raised by Plaintiff-CounterDefendant and to afford relief from the uncertainty which has precipitated, Data Distributing is entitled to an order stating its rights under 28 U.S.C. §§ 2201-02, that its services, business practices and products do not infringe any patent allegedly owned by Plaintiff, and/or that the patent is invalid and unenforceable, under the 35 U.S.C. § 271, *et seq.*

## FOURTH COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,729,597)

51.     Data Distributing incorporates herein by reference each and every allegation set forth above in Paragraphs 1-50, inclusive, as though set forth fully herein.

52.     An actual, present, and justiciable controversy now exists between Defendant and Plaintiff, as to their respective rights and responsibilities with regard

1    to U.S. Patent No. 7,729,597.

2        53.   Defendant alleges that U.S. Patent No. 7,729,597 is invalid and
3    unenforceable.

4        54.   U.S. Patent No. 7,729,597 is invalid and unenforceable for failure to
5    meet one or more of the requirements of Title 35 of the United States Code,
6    including, without limitation, §§ 101, 102, 103, 111, 112, 115, and/or 116.

7        55.   To resolve the legal and factual questions raised by Plaintiff and to
8    afford relief from the uncertainty which has precipitated, Defendant are entitled to
9    an Order stating their rights pursuant to 28 U.S.C. §§ 2201-02, that their services,
10   business practices, and products do not infringe any patent owned by Plaintiff,
11   and/or that the Patent-in-Suit is invalid and unenforceable, pursuant to 35 U.S.C.
12   271, *et seq.*

13                    **FIFTH COUNTERCLAIM FOR RELIEF**

14   **(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,734,157)**

15       56.   Data Distributing incorporates herein by reference each and every
16   allegation set forth above in Paragraphs 1-55, inclusive, as though set forth fully
17   herein.

18       57.   An actual, present, and justiciable controversy now exists between the
19   Defendant and Plaintiff, as to their respective rights and responsibilities with regard
20   to U.S. Patent No. 7,734,157.

21       58.   Plaintiff has alleged that Defendant has committed acts that infringe
22   U.S. Patent No. 7,734,157, and Data Distributing denies that any of its products or
23   services infringes any claim of the '157 Patent-in-Suit.

24       59.   Defendant's use of its Products does not infringe the '157 Patent-in-
25   Suit because, at least, Data Distributing's product do not include "audit data" that is
26   stored in an "audit database" for purposes of making an audit trail. The Products
27   that Data Distributing resells do not, among other things, make a record of the

28

"identification number of the CD," as stated in column 6, lines 53-59 of the Specification of the '157 Patent, or otherwise make a record of "an identification "an identification specific to the computer-readable medium," as required by Independent Claims 1 and 7 of the '157 Patent.

60.    To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty which has precipitated, Data Distributing is entitled to an order stating its rights under 28 U.S.C. §§ 2201-02, that its services, business practices and products do not infringe any patent allegedly owned by Plaintiff, and/or that the patent is invalid and unenforceable, under the 35 U.S.C. § 271, *et seq.*

## SIXTH COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,734,157)

61.    Defendant incorporates herein by reference each and every allegation set forth above in Paragraphs 1-60, inclusive, as though set forth fully herein.

62.    An actual, present, and justiciable controversy now exists between Defendant and Plaintiff, as to their respective rights and responsibilities with regard to U.S. Patent No. 7,734,157.

63.    Defendant alleges that U.S. Patent No. 7,734,157 is invalid and unenforceable.

64.    U.S. Patent No. 7,734,157 is invalid and unenforceable for failure to meet one or more of the requirements of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, 111, 112, 115, and/or 116.

65.    To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty which has precipitated, Defendant are entitled to an Order stating their rights pursuant to 28 U.S.C. §§ 2201-02, that their services, business practices, and products do not infringe any patent owned by Plaintiff, and/or that the Patent-in-Suit is invalid and unenforceable, pursuant to 35 U.S.C.

271, *et seq.*

## SEVENTH COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,783,174)

66.    Defendant incorporates herein by reference each and every allegation set forth above in Paragraphs 1-65, inclusive, as though set forth fully herein.

67.    An actual, present, and justiciable controversy now exists between the Defendant and Plaintiff, as to their respective rights and responsibilities with regard to U.S. Patent No. 7,783,174.

68.    Plaintiff has alleged that Defendant has committed acts that infringe U.S. Patent No. 7,783,174, and Data Distributing denies that any of its products or services infringes any claim of the '597 Patent-in-Suit.

69.    Defendant's use of its Products does not infringe the '174 Patent-in-Suit because, at least, Data Distributing's product do not include "a search module configured to automatically search the database for related data based on the user selection."  The Products that Data Distributing resells do only record medical images selected by the user for copying and does not either automatically copy related images or identify related images to the user for possible copying.

70.    To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty which has precipitated, Data Distributing is entitled to an order stating its rights under 28 U.S.C. §§ 2201-02, that its services, business practices and products do not infringe any patent allegedly owned by Plaintiff, and/or that the patent is invalid and unenforceable, under the 35 U.S.C. § 271, *et seq.*

## EIGHTH COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,783,174)

71.    Defendant incorporates herein by reference each and every allegation set forth above in Paragraphs 1-70, inclusive, as though set forth fully herein.

72.     An actual, present, and justiciable controversy now exists between Defendant and Plaintiff, as to their respective rights and responsibilities with regard to U.S. Patent No. 7,783,174.

73.     Defendant alleges that U.S. Patent No. 7,783,174 is invalid and unenforceable.

74.     U.S. Patent No. 7,734,157 is invalid and unenforceable for failure to meet one or more of the requirements of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, 111, 112, 115, and/or 116.

75.     To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty which has precipitated, Defendant are entitled to an Order stating their rights pursuant to 28 U.S.C. §§ 2201-02, that their services, business practices, and products do not infringe any patent owned by Plaintiff, and/or that the Patent-in-Suit is invalid and unenforceable, pursuant to 35 U.S.C. 271, *et seq.*

## NINTH COUNTERCLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,801,422)**

76.     Defendant incorporates herein by reference each and every allegation set forth above in Paragraphs 1-75, inclusive, as though set forth fully herein.

77.     An actual, present, and justiciable controversy now exists between the Defendant and Plaintiff, as to their respective rights and responsibilities with regard to U.S. Patent No. 7,801,422.

78.     Plaintiff has alleged that Defendant has committed acts that infringe U.S. Patent No. 7,801,422, and Data Distributing denies that any of its products or services infringes any claim of the '422 Patent-in-Suit.

79.     Defendant's use of its Products does not infringe the '422 Patent-in-Suit because as asserted above, Defendant's CD/DVD Stations does not include the timeout features disclosed in '422 Patent. Indeed, Claim 1 comprises two

1   limitations:

2       - *"detecting whether a server has changed within a time period after*

3   *receiving medical image data or related data from a modality and resetting*

4   *the timeout period when the change is detected."*

5       - *"automatically producing an optical storage medium comprising selected*

6   *medical image data and related data from the server based on when the*

7   *timeout period has expired [...]"*.

8       Defendant's products do not satisfy the above definition of a "time out

9   period" because the timer on Defendant's Products just run until it expires.

10   Moreover, Defendant's timer doesn't reset "when the change is detected". Because

11   the detection in Defendant's timer occurs after the timer expires and the maximum-

12   time number is preset and cannot be reset, Defendant does not infringe Claim 1 of

13   the '422 Patent.

14       Claim 8 of the alleged infringed Patent '422 comprises five limitations:

15       - *"a database configured to receive one or more medical images from at least*

16   *one modality"*;

17       - *"an application server coupled to the database and configured to create a*

18   *timestamp when the application server detects a change in the database, thereby*

19   *initiating a timer"*,

20       - *"wherein the timer resets when the application server detects an additional*

21   *change in the database before a timeout interval, measured from the timestamp,*

22   *elapses;"*

23       - *"wherein the timer times out when the application server detects an*

24   *additional change in the database after the timeout interval, measured from the*

25   *timestamp, elapses;"*

26       - *"a production station coupled to the application server and configured to*

27   *automatically produce an optical storage medium comprising one or more selected*

28

**DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS**

*medical images from the database based on when the timer times out, wherein the medical image data is formatted in a standard medical imaging format used by a computer configured for viewing the medical image data.*"

Because the second claim limitation requires that the application server create a timestamp and initiate the timer when the application server detects a change in the database and because the timer in Defendant's product turns on regardless of whether the application server detects a change in the database, Defendant's Product does not infringe Patent '422. Moreover, regarding the third and fourth limitations of Claim 8, Defendant's Product does not detect any additional change in the database before the timeout interval and does not timeout based on any detection. For the foregoing reasons, and as the above differences between the Claim limitations and Defendant's Product are not insubstantial, Defendant does not infringe Claims 1 and 8 of the '422 Patent.

80.     To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty which has precipitated, Data Distributing is entitled to an order stating its rights under 28 U.S.C. §§ 2201-02, that its services, business practices and products do not infringe any patent allegedly owned by Plaintiff-CounterDefendant, and/or that the patent is invalid and unenforceable, under the 35 U.S.C. § 271, *et seq.*

## TENTH COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,801,422)

81.     Defendant incorporates herein by reference each and every allegation set forth above in Paragraphs 1-80, inclusive, as though set forth fully herein.

82.     An actual, present, and justiciable controversy now exists between Defendant and Plaintiff, as to their respective rights and responsibilities with regard to U.S. Patent No. 7,801,422.

83.     Defendant alleges that U.S. Patent No. 7,801,422 is invalid and

1   unenforceable.

2       84.    U.S. Patent No. 7,801,422 7,734,157 is invalid and unenforceable for

3   failure to meet one or more of the requirements of Title 35 of the United States

4   Code, including, without limitation, §§ 101, 102, 103, 111, 112, 115, and/or 116.

5       85.    To resolve the legal and factual questions raised by Plaintiff and to

6   afford relief from the uncertainty which has precipitated, Defendant are entitled to

7   an Order stating their rights pursuant to 28 U.S.C. §§ 2201-02, that their services,

8   business practices, and products do not infringe any patent owned by Plaintiff,

9   and/or that the Patent-in-Suit is invalid and un enforceable, pursuant to 35 U.S.C.

10  271, *et seq.*

11              **ELEVENTH COUNTERCLAIM FOR RELIEF**

12              **(Fraud/Misrepresentation/Concealment)**

13      86.    Data Distributing re-alleges and incorporates by reference the

14  allegations set forth above in Paragraphs 1 through 85 inclusive, as though set forth

15  in full.

16      87.    When engaging in acquisition negotiations with Data Distributing,

17  DatCard made various representations and promises to Data Distributing by

18  representing DatCard's interest in purchasing Data Distributing for Data

19  Distributing's offer.  Additionally, DatCard represented to Data Distributing its

20  need to access Data Distributing's confidential records in order to complete due

21  diligence required for the acquisition.  DatCard also required Data Distributing to

22  provide DatCard with detailed technical explanations as to the functionality of the

23  software products that Data Distributing resells, as part of the due diligence.

24      88.    The representations and promises described in paragraph 87 were false

25  when they were made.

26      89.    Upon information and belief, Data Distributing alleges that DatCard

27  knew that the its aforementioned representation was false because, after learning

28
DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

1    that Data Distributing did not infringe any of its U.S. Patents during the due

2    diligence investigation, DatCard ended the acquisition negotiations by offering to

3    purchase Data Distributing for approximately half of the previously agreed upon

4    offer made to Data Distributing and refusing to show Data Distributing any crucial

5    financial projections DatCard asserted would make Data Distributing more

6    profitable under DatCard's ownership, requisite for a more equitable purchase

7    price. DatCard also insisted that Data Distributing sign an agreement without

8    showing Data Distributing's financial projections involving Data Distributing.

9    DatCard did not intend to honor the foregoing promises, and Data Distributing did

10    not understand the real circumstances as a result of the negotiations.

11        90.    Upon information and belief, Data Distributing alleges that DatCard

12    intended to make these representations and promises, and withheld the true

13    information regarding its intention to seek Data Distributing's confidential records

14    in order to, among other things, induce Data Distributing to rely upon its statements

15    and entering into negotiations to access Data Distributing's confidential records.

16        91.    As a direct and proximate result of the acts and representations by

17    DatCard, Data Distributing has been damaged because DatCard only offered to

18    purchase Data Distributing for approximately half of the previously agreed upon

19    offer by DatCard, and DatCard filed the present lawsuit against Data Distributing

20    after rejecting DatCard's extortionist offer.

21                **TWELFTH COUNTERCLAIM FOR RELIEF**

22                **(California Common Law Unfair Competition)**

23        92.    Data Distributing re-alleges and incorporates by reference the

24    allegations set forth above in Paragraphs 1 through 91 inclusive, as though set forth

25    in full.

26        93.    The acts and conduct of DatCard alleged above in this Complaint

27    constitute unfair competition pursuant to the common law of California.

28

**DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S**

94.    DatCard has engaged in unfair trade practices and unfair competition in connection with engaging in acquisition negotiations with Data Distributing under the false pretense that DatCard was interested in purchasing Data Distributing for the agreed upon offer between DatCard and Data Distributing.    During negotiations, Data Distributing allowed DatCard to have unfettered access to Data Distributing's confidential records in order to complete the due diligence required for the acquisition.  Data Distributing is informed and believes, and upon that belief alleges that during the due diligence investigation, DatCard learned that Data Distributing did not infringe any of its U.S. Patents.

95.    DatCard ended the acquisition negotiations by offering to purchase Data Distributing for approximately half of the previously agreed upon offer by DatCard.   DatCard indicated that if this unreasonable offer was not accepted, DatCard would file the present lawsuit against Data Distributing.  Data Distributing rejected DatCard's extortionist offer and DatCard, in bad faith, filed the present lawsuit.

96.    DatCard's acts and conduct are likely to interfere with Data Distributing's economic relationships with current and prospective purchasers of the Products that Data Distributing resells in violation of Data Distributing's rights under the common law of unfair competition of the State of California.  In 2008, DatCard made a Public Press Release to the entire industry that DatCard was filing suit for patent infringement, and DatCard's representatives have informed Data Distributing's customers that the customers should not purchase from Data Distributing due to Data Distributing's infringement and DatCard's pending lawsuit against Data Distributing.

97.    DatCard' acts and conduct as alleged above have damaged and will continue to damage Data Distributing's economic relationships and have resulted in losses to Data Distributing and an illicit gain of profit to DatCard from royalties

1 | paid in the Agreement.

## THIRTEENTH CLAIM FOR RELIEF

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200)

98.    Data Distributing re-alleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 97 inclusive, as though set forth in full.

99.    DatCard's acts and conduct as alleged above have damaged and will continue to damage Data Distributing's economic relationships and have resulted with the present lawsuit against Data Distributing.

100.   DatCard has engaged in a pattern of unlawful, unfair, deceptive, and fraudulent business practices, contrary to public policy, and in bad faith, by accessing Data Distributing's confidential records and other illegal acts and practices alleged, all in an effort to gain unfair competitive advantage over Data Distributing. These unlawful business acts or practices were committed pursuant to business activity related to marketing and selling of the Products that Data Distributing resells.

101.   The acts and conduct of DatCard constitutes fraudulent, unlawful, and unfair competition as defined by California Bus. & Prof. Code §§ 17200, *et seq*. Moreover, Defendants' conduct constitutes unfair competition under California Law.

102.   As a direct and proximate cause of the aforementioned unfair and unlawful acts and practices, DatCard's conduct, as alleged herein, has interfered with Data Distributing's economic relationships and, consequently, constitutes a fraudulent business act or practice within the meaning of §17200, *et seq*., of the California Business and Professions Code.   DatCard's unfair business practices have unjustly minimized Data Distributing's competitive advantage and have caused and are causing Data Distributing to suffer damages.   These wrongful acts

have directly and proximately caused Data Distributing substantial injury, including loss of customers, loss of goodwill, dilution, confusion of existing and potential customers, injury to reputation, and diminution of the value of Data Distributing's services. Unless DatCard is restrained from the unfair, unlawful, and/or fraudulent business practices and unfair competition described herein, Data Distributing will continue to be irreparably harmed.

103.   Data Distributing is informed and believes, and thereon alleges, that DatCard acquired from Data Distributing confidential records and benefits amounting to a substantial sum of money in this pattern of unlawful, unfair, and/or fraudulent business acts and practices set forth in the preceding paragraphs of this Complaint, all to the detriment of Data Distributing.   This unjust enrichment continues to occur as DatCard continues to engage in said unlawful, unfair, and/or fraudulent business acts and practices.

104.   As a result, of such unfair competition, Data Distributing has also suffered irreparable injury and, unless DatCard is enjoined from such unfair competition, will continue to suffer irreparable injury, whereby Plaintiff has no adequate remedy at law.

105.   Pursuant to California Business and Professions Code §17203, Data Distributing is entitled to temporary restraining orders, restitution, disgorgement of Defendants' profits, and preliminary and permanent restraining orders, restitution, and preliminary and permanent injunctions against the behavior as alleged hereinabove of DatCard, its agents, employees, representatives, and all persons acting in concert with them from engaging in further acts of unfair competition and unfair business practices.

106.   By reason of the foregoing, Data Distributing is entitled to preliminary and permanent injunctive relief against the DatCard, and each of them, and anyone associated with them, and anyone who acts in concert with them, to restrain further

1  acts of unfair competition and, after trial or summary judgment, to recover any

2  damages proven to have been caused by reason of DatCard's aforesaid acts of

3  unfair competition, and to recover enhanced damages and attorneys fees, based

4  upon the willful, intentional, and/or grossly negligent activities of the DatCard.

5      107.  Pursuant to California Business & Professions Code Section 17203,

6  DatCard is required to disgorge and restore to Data Distributing all profits and

7  property acquired by means of DatCard's unfair competition with Data Distributing.

8  DatCard should be compelled to permit Data Distributing to resell its Products, and

9  should be enjoined from further unlawful, unfair, and deceptive business practices

10

11                    **PRAYER FOR RELIEF**

12      **WHEREFORE**, Defendant prays the following relief and judgment be

13  granted against Plaintiff, as follows:

14    A. Dismissal of Plaintiff's Unverified Second Amended Complaint against

15        Defendant with prejudice.

16    B. For a judicial determination and order declaring that none of Defendant's

17        products and/or services infringe any claim of U.S. Patent Nos. 7,302,164

18        ("the '164 Patent"); 7,729,597 ("the '597 Patent"); 7,734,157 ("the '157

19        Patent"); 7,783,174 ("the '174 Patent"); and 7,801,422 ("the '422 Patent").

20    C.  For a judicial determination and order declaring that under the United States

21        patent laws that U.S. Patent No. 7,302,164 is invalid and/or unenforceable.

22    D.  For a judicial determination and order declaring that under the United States

23        patent laws that U.S. Patent No. 7,729,597 is invalid and/or unenforceable.

24    E.  For a judicial determination and order declaring that under the United States

25        patent laws that U.S. Patent No. 7,734,157 is invalid and/or unenforceable.

26    F.  For a judicial determination and order declaring that under the United States

27        patent laws that U.S. Patent No. 7,783,174 is invalid and/or unenforceable.

28

G.  For a judicial determination and order declaring that under the United States patent laws that U.S. Patent No. 7,801,422 is invalid and/or unenforceable.

H.  For a judicial determination and order declaring that none of Defendant's products and/or services infringe any valid claim of U.S. Patent No. 7,302,164; U.S. Patent No. 7,729,597; U.S. Patent No. 7,734,157; U.S. Patent No. 7,783,174; and U.S. Patent No. 7,801,422.

I.  For an order enjoining Plaintiff and its agents and attorneys from further asserting patent rights against Defendant and its products.

J.  For the recovery of the Defendant's full costs and reasonable attorneys fees, including expert witness fees.

K.  For such additional and further relief in law and equity, as the court may deem just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated:  July 13, 2012

By: _Marc E. Hankin_

Marc E. Hankin, Esq.

Attorneys for Defendant-CounterClaimant,
**DATA DISTRIBUTING, LLC**

1

## JURY TRIAL DEMANDED

2      Defendant Data Distributing hereby demands a jury trial as provided by Rule

3   38(a) of the Federal Rules of Civil Procedure on all issues so triable.

4

5                              Respectfully submitted,

6                              **HANKIN PATENT LAW, APC**

7   Dated:  July 13, 2012          By:

8                              Marc E. Hankin, Esq.

9                              Attorneys for Defendant,
                               **DATA DISTRIBUTING, LLC**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

**VERIFICATION OF VERIFIED SECOND AMENDED ANSWER**

I, Nancy Fisher, declare as follows:

I am President of Defendant Data Distributing, a California limited liability corporation.   I have read the foregoing **DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S    VERIFIED SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS** and know the contents thereof, and the same are true of my own knowledge, except as to such matters therein stated to be on information and belief, and as to these matters, I believe them to be true.  I hereby verify that I am authorized to make this Verification on behalf of Defendant Data Distributing, LLC.

I declare under the penalties of perjury of the laws of the State of California and the laws of the United States that the foregoing is true and correct.  Executed at Laguna Hills, California this 13th day of July 2012.

Respectfully submitted,

Nancy Fisher, President
**DATA DISTRIBUTING, LLC**

DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S
UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 12400 Wilshire Boulevard, Suite 1265, Los Angeles, CA  90025.

On July 13, 2012, I caused to be served the foregoing **DEFENDANT-COUNTERCLAIMANT DATA DISTRIBUTING, LLC'S VERIFIED SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF-COUNTERDEFENDANT DATCARD SYSTEMS, INC.'S UNVERIFIED SECOND AMENDED COMPLAINT; VERIFIED SECOND AMENDED COUNTERCLAIMS**, on Counsel for Plaintiff-CounterDefendant by email as follows:

Craig S. Summers, craig.summers@kmob.com
Paul Stewart, Paul.Stewart@kmob.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA  92614

\_\_\_   (BY MAIL) The envelope was mailed with postage thereon fully prepaid U.S. Mail.   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date is more than one day after date of deposit for mailing an affidavit.

XX   (BY EMAIL) I caused to be delivered the foregoing document to addressee listed above in accordance with the Agreement between Counsel to that service method.

\_\_\_\_\_(BY PERSONAL SERVICE) I caused to be delivered the foregoing document to addressee listed above by messenger.

XX   (FEDERAL) I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Date:  July 13, 2012

Cristine S. Kim